IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | STEVEN MANNING, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) Case No. CIV-16-1397-D |
| | | ) |
| (1) | MDOW INSURANCE COMPANY, a foreign insurance company; | ) ) |
| (2) | COLUMBIA LLOYDS INSURANCE COMPANY, a foreign insurance company, | ) ) |
| | | ) |
| | Defendants. | ) |

## COMPLAINT

Plaintiff Steven Manning ("Plaintiff"), for his causes of action against Defendants MDOW Insurance Company and Columbia Lloyds Insurance Company (collectively "Defendant"), alleges and states:

### The Parties

1. At all relevant times, Plaintiff was and now is a resident of the City of Yukon, Canadian County, State of Oklahoma.

2. At all relevant times, Defendants are foreign insurance companies located in the State of Texas. They operate and conduct business in the State of Oklahoma. Both companies acted as Plaintiff's employer at any one point in time during his employment and were part of the decision made to terminate Plaintiff's employment.

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 621, et seq.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

**Fact Allegations**

5. Plaintiff began his employment with Defendant in or around March 2008 as a marketing representative.

6. In 2014, Plaintiff was promoted to national sales manager with his office predominantly located in Yukon, Oklahoma. In late 2015, Plaintiff was 66 years of age.

7. He was performing his job satisfactorily and received positive evaluations for his performance.

8. In September 2015, and as part of a company restructuring and transition to new management, John Todd ("Todd") took over as Defendant's President and CEO, and in October 2015, Defendant named Sam Bana ("Bana") as their Chief Operating Officer.

9. Based upon information and belief, Todd is approximately 40 years of age and Bana is also in his 40s.

10. Upon Todd taking the job, he asked to meet with Plaintiff in the city of Defendant's headquarters, Houston Texas. During the meeting, Todd informed Plaintiff that he was doing good work, his job was safe, and the marketing department would continue the work it had been doing.

11. Plaintiff specifically asked during the meeting whether Todd would prefer Plaintiff to come to Houston more often, and Todd answered in the negative.

12. Shortly thereafter, Plaintiff learned that a representative under Plaintiff's supervision was offered an employment contract on a job that was a promotion and would essentially replace Plaintiff.

13. Soon thereafter, in November 2016, Bana contacted Plaintiff and told him that Defendant was terminating him because he did not live in Houston.

14. Defendant had never previously informed Plaintiff that he needed to work in Houston since his position was essentially an outside sales job, nor did Bana ask Plaintiff to move to Houston as part of his job prior to terminating him.

15. Plaintiff contends that the reason given for his termination are not worthy of belief and is pretext for age discrimination since Plaintiff's age did not meet with the goals of Defendant's "company restructuring."

16. Plaintiff filed his Charge of Discrimination on February 22, 2016.

17. Plaintiff received his Notice of Right to Sue on or around September 15, 2016.

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, et seq.

18. Plaintiff incorporates by reference paragraphs 1 through 17 as though set forth in full herein.

19. Plaintiff is over forty (40) years of age.

20. At all relevant times, Defendant was, and now is, an "employer" within the meaning of the Age Discrimination in Employment Act ("ADEA").

21. The ADEA prohibits discrimination based on age, finding that it is a discriminatory practice for an employer to terminate an employee because of his or her age.

22. Defendant violated these provisions by terminating Plaintiff because of his age.

23. Therefore, Plaintiff contends that his age was a motivating and significant factor in the termination of his employment.

24. As a direct and proximate result of Defendant's discriminatory treatment and actions herein above alleged in violation of law, Plaintiff has suffered, and is now suffering, and will continue to suffer, irreparable injury and economic loss, as well as liquidated damages, all in a sum in excess of $75,000.00.

25. Plaintiff has complied with all the administrative requirements prior to filing this action.

WHEREFORE, Plaintiff demands and prays against Defendant as follows:

(1) That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of the ADEA;

(2) That Defendant be ordered to make Plaintiff whole by providing back pay and all other remedies authorized by the ADEA and applicable law, including but not limited to, liquidated damages, all in a sum in excess of $75,000.00;

(3) That Plaintiff be awarded his costs and expenses of this litigation, including reasonable attorney's fees; and

(4) That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper and in compliance with the ADEA.

Respectfully submitted,

s/Woodrow K. Glass
Stanley M. Ward, OBA#9351
Woodrow K. Glass, OBA#15690
Barrett T. Bowers, OBA#30493
WARD & GLASS, L.L.P.

1601 N.W. 36th Street, Suite 100
Norman, Oklahoma 73072
(405) 360-9700
(405) 360-7902 (fax)
woody@wardglasslaw.com

and

BROCKMAN LAW, PLLC
Scott F. Brockman, OBA #19416
10601 S. Western, Suite 117
Oklahoma City, OK  73170
(405) 703-2499
(405) 703-4499 (fax)
scott@brockmanlawpllc.com
ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEYS' LIEN CLAIMED