UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN MANNING, | |
|       Plaintiff, | |
| vs. | Case No. 5:16-cv-01397-D |
| MDOW INSURANCE COMPANY, a foreign insurance company; COLUMBIA LLOYDS INSURANCE COMPANY, a foreign insurance company, | |
|       Defendants. | |

**DEFENDANTS MDOW INSURANCE COMPANY
AND COLUMBIA LLOYDS INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Defendants MDOW Insurance Company ("MDOW") and Columbia Lloyds Insurance Company ("CLIC") respectfully move this Court for summary judgment on Plaintiff Steven Manning's claim under the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq* (the "ADEA"). Plaintiff contends, without any supporting evidence whatsoever, that he was terminated from his position as a sales manager due to his age. However, Plaintiff himself admits there is **no evidence** in this case that even tends to show Plaintiff's age had *anything* to do with the Defendants' termination decision, much less that Plaintiff's age was a "but for" factor in such decision, as required for Plaintiff to maintain his claim under the ADEA. Accordingly, summary judgment in favor of Defendants is appropriate and should be granted. In support hereof, Defendants submit the following Brief.

**BRIEF IN SUPPORT**

**SUMMARY OF MOTION**

Plaintiff was employed by MDOW/CLIC from approximately March 2008 through November 2015. Plaintiff was 59 years old at the time MDOW/CLIC hired him and he

accepted employment with MDOW/CLIC. At age 65 years old, he was promoted by MDOW/CLIC to National Sales Manager in the Spring 2014. Plaintiff's employment with MDOW/CLIC terminated in November 2015 due to Plaintiff's residence in Oklahoma, which necessitated week-long trips by Plaintiff to MDOW/CLIC's Houston headquarters, each month at a cost to MDOW/CLIC of approximately $3,000 per month. The costs associated with these trips, as well as the fact that nearly all employees supervised by Plaintiff were located in Texas, conflicted with the recent restructuring of MDOW/CLIC, which, under the leadership of a new CEO and COO, had begun evaluating, company-wide, methods by which it could more effectively and efficiently serve its customers. Part of this restructuring included a decision that corporate management, including Plaintiff, would be based out of MDOW/CLIC's corporate headquarters and only office, in Houston, Texas.

Plaintiff brings this action contending that his termination was actually the result of age discrimination, but Plaintiff has proffered absolutely **<u>no evidence</u>** of any discriminatory conduct whatsoever. Plaintiff will likely attempt to create a disputed fact issue regarding some discrepancies between MDOW/CLIC COO Sam Bana's and Plaintiff's recollection of the November 6, 2015, telephone conversation that resulted in the termination of Plaintiff's employment. According to Mr. Bana, he requested Plaintiff begin reporting to Houston, Texas, every day for work, Plaintiff refused this request, and, therefore, Plaintiff effectively resigned his employment with MDOW/CLIC. Plaintiff contends that Mr. Bana simply terminated him because Plaintiff resides in Oklahoma, not Houston. However, as established below, regardless of which version is accepted as true, neither demonstrates any age-based discrimination. Rather, discovery in this litigation confirms Plaintiff hinges his claims upon

nothing more than speculation and conjecture, and the undisputed evidence set forth below establishes that Plaintiff has no factual basis to support his ADEA claim. For these reasons, Defendants respectfully request the Court enter summary judgment in their favor.

## STATEMENT OF UNDISPUTED FACTS

### *Plaintiff's Employment with MDOW/CLIC*

1. Plaintiff was employed by MDOW/CLIC from approximately March 17, 2008 through November 2015. (Ex. 1, Deposition of Steven Manning [hereinafter "Manning Depo." at 9.24-10.5.)

2. At the time Plaintiff was hired at MDOW/CLIC, he was 59 years old. (Ex.1, Manning Depo. at 131.1-131.14.) His was initially hired as a marketing representative to help MDOW start writing business in Oklahoma. (Ex. 1, Manning Depo. at 15.12-16.15.)

3. Plaintiff was promoted to national sales manager in April or May 2014, when he was 65 years old. (Ex. 1, Manning Depo. at 26.14-26.16.)

4. Plaintiff has resided in Oklahoma since he was 14 years old, including the time period that he was employed at MDOW/CLIC. All of Plaintiff's children and grandchildren reside in Oklahoma, and Plaintiff has no plans to retire anywhere other than Oklahoma. (Ex. 1, Manning Depo. at 171.1-172.7.)

5. MDOW/CLIC's headquarters are located in Houston, Texas. (*See* Complaint, at ¶ 10; Ex. 1, Manning Depo. at 15.12-15.16, 68.15-68.19.)

6. Upon receiving his promotion as national sales manager, Plaintiff began traveling from Oklahoma to MDOW/CLIC's Houston headquarters at least one week per month. Other than non-approved meals, all of Plaintiff's costs associated with such travel were paid by MDOW/CLIC. The costs associated with Plaintiff's travel in the six months preceding the

November 6, 2015, termination ranged from approximately $2,000 to $4,000 per month. (Ex. 1, Manning Depo. at 68.15-69.11; 70.6-71.17; 81.1-81.15; Ex. 2, Credit Card Statements.)

7. Except for Plaintiff and one other individual, Chris Haworth, the rest of the corporate management team at MDOW/CLIC was located at MDOW/CLIC's Houston headquarters. (Ex. 1, Manning Depo. at 21.6-23.16;155.10-155.23; 185.25-186.2.)

8. Nearly all of the employees under Plaintiff's supervision were located in Texas. (Ex. 1, Manning Depo. at 48.9-50.8.)

9. Beginning around March of 2014, Plaintiff had a physical office in Houston, Texas that was kept solely for him and that nobody else officed out of except for him. (Ex. 1, Manning Depo. at 67:23-68:14.)

### *Termination of Plaintiff's Employment with MDOW/CLIC*

10. Sam Bana assumed the duties as COO for MDOW/CLIC on November 6, 2015. (Ex. 3, Deposition of Sam Bana [hereinafter "Bana Depo."] at 37.16-37.19.)

11. Sam Bana was approximately 46-years old at the time he was hired as the COO for MDOW/CLIC. (*See* Complaint, Doc. 1-¶ 9).

12. As the new COO, one of the new policies Mr. Bana desired to implement was to have all corporate management based out of the MDOW/CLIC's Houston headquarters. (Ex. 3, Bana Depo. at 57.14-58.2; 59.2-59.19; Ex. 4, Deposition of John Todd, CEO of MDOW [hereinafter "Todd Depo."] at 46.17-47.15; 48.10-48.22.)

13. As part of Mr. Bana's business model that he was wanting to implement, it required all seniors managers to be functioning out of the corporate Houston office. Mr. Bana wanted to review all the departments and assess each department and make adjustments accordingly. (Ex. 3, Bana Depo. at 32.22-33.3; 28.2-28.20).

14. That same day, on November 6, 2015, Plaintiff received a call from Sam Bana regarding MDOW/CLIC's decision to have all corporate management report for work each day at its Houston, Texas, office. (Ex. 1, Manning Depo. at 113.5-113.14, 125.18-126.14; Ex. 3, Bana Depo. at 37.13-37.15.) Plaintiff alleges Mr. Bana terminated him due to the fact that he resided in Oklahoma. (Ex. 1, Manning Depo. at 125.25-126.19.) Mr. Bana denies that he terminated Plaintiff, but rather that Plaintiff rejected Mr. Bana's request that Plaintiff begin reporting to work each day in the Houston office. (Ex. 3, Bana Depo. at 65.22-66.11.) Regardless of which version is accepted, the only material fact - which is not disputed by either party - is that this telephone conversation resulted in the termination of Plaintiff's employment with MDOW/CLIC due to the implementation of this new policy.

15. In the weeks leading up to his termination, Plaintiff became suspicious that MDOW/CLIC was replacing Plaintiff with another employee, Kerry Kee, who at the time was approximately 53 years old. (Ex. 1, Manning Depo. at 100.13-103.8; 112.6-112.21.)

16. Plaintiff has no evidence that, even if MDOW/CLIC had decided to replace him with Kerry Kee, that such decision was because of his age. (Ex. 1, Manning Depo. at 133.22-133.25.)

17. Plaintiff complains he was unable to get a meeting with MDOW/CLIC set in the weeks leading up to the termination of his employment but admits he has no evidence that the failure to set up a meeting relates in any way to his age. (Ex. 1, Manning Depo. at 133.6-133.21.)

18. Upon Plaintiff's termination, Sam Bana absorbed Plaintiff's duties. MDOW/CLIC did not hire Kerry Kee or anyone else to replace Plaintiff or give any other person Plaintiff's

title or position. (Ex. 1, Manning Depo. at 102.23-103.8; Ex. 3, Bana Depo. at 112.12-112.25.)

19. Following Plaintiff's termination, Plaintiff sent an e-mail to Milby Dunn and John Todd concerning his conversation with Sam Bana. This e-mail makes no reference to any alleged age discrimination. (Ex. 1, Manning Depo. at 149.24-151.13; Ex. 5, November 8, 2015 Email.)

### *Plaintiff Admits He Has No Evidence of Age-Based Discrimination*

20. Plaintiff does not allege that anyone at MDOW/CLIC said anything inappropriate to him about his age, other than some teasing at a birthday party, which (i) Plaintiff never reported as offensive or discriminatory to anyone at MDOW/CLIC; (ii) Plaintiff did not reference in his EEOC Charge; and (iii) did not involve anyone with corporate management at MDOW/CLIC. (Ex. 1, Manning Depo. at 172.16-176.12; Ex. 6, EEOC Charge.)

21. Other than the factually unsupported allegations surrounding the termination of Plaintiff's employment in November 2015, there was no incident that occurred while Plaintiff was employed by MDOW/CLIC involving any type of age discrimination. (Ex. 1, Manning Depo. at 176.13-176.17.)

22. The only reason Plaintiff has ever been told by MDOW/CLIC as to why he would no longer be employed by MDOW/CLIC was the fact Plaintiff did not live in Houston. (Ex. 1, Manning Depo. at 177.18-177.25.)

23. Plaintiff's EEOC Charge does not explain how age played any factor in his termination of employment. (Ex. 6, EEOC Charge.)

24. Plaintiff's discovery responses do not explain how age played any factor in any adverse employment action. (Ex. 7, Plaintiff's Responses and Objections to Defendant MDOW's First Set of Discovery Responses to Plaintiff, at pgs. 5-7.)

25. Plaintiffs admits it is simply the fact that he was 66 years old at the time his employment terminated that causes him to believe such termination was age-related. (Ex. 1, Manning Depo. at 131.15-131.20.)

26. MDOW/CLIC's handbook sets forth its Equal Employment Opportunity Policy, which condemns, among other things, age discrimination and provides a process for complaining about any alleged violations. (Ex. 8, Handbook Excerpt.)

27. Plaintiff's employment was not terminated for any reason due to his age. (Ex.3, Bana Depo. at 135.1-135.4;137.4-137.6.)

28. Age was not a consideration in MDOW/CLIC's requirement that management personnel be based out of Houston. (Ex. 3, Bana Depo. at 137.7-137.10; *see also* Ex. 4, Todd Depo. at 83.20-84.3.)

29. At the time Plaintiff submitted his EEOC Charge, four out of the six most recently hired employees by MDOW/CLIC fell within the protected class. (Ex.3, Depo. of Sam Bana at 119.13-119.25.)

30. The individuals upon whom Plaintiff may rely to support some theory of company-wide age discrimination voluntarily resigned their employment with MDOW/CLIC. (*See* Ex. 4, Todd Depo. at 83.4-83.19.)

31. Plaintiff testified that no one has reported to him that they believe they were discriminated against based upon age and that Plaintiff has no evidence that anybody else at

MDOW or CLIC was discriminated against based upon their age. (Ex. 1, Manning Depo. at 169.1-169.3.)

32. Plaintiff testified that he has not seen any documents that specify or in which he believes shows that anyone at MDOW has been discriminated against based upon their age. (Ex. 1, Manning Depo. at 169.4-169.5.)

33. Plaintiff admits that he has no evidence that anybody else at MDOW or CLIC was discriminated against based upon their age. (Ex. 1, Manning Depo. at 169.10-169.13.)

34. Plaintiff admits that no one from corporate management of MDOW/CLIC ever said anything inappropriate about his age. (Ex. 1, Manning Depo. at 173.1-173.4.)

## ARGUMENTS AND AUTHORITIES

## BURDEN OF PROOF

Where, as here, Plaintiff has no direct evidence of age discrimination, the Court applies the burden shifting framework set forth in McDonnell Douglas. Simmons v. Sykes Enterprises, Inc., 647 F.3d 943 (10th Cir. 2011); Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000). Under this analysis, Plaintiff bears the burden of establishing a prima facie case by a preponderance of the evidence. If Plaintiff is able to meet this initial burden, Defendants may then articulate a legitimate, nondiscriminatory reason for the adverse employment action. In the event, as here, Defendants articulate a valid reason, "'the plaintiff can avoid summary judgment only if [] he is able to show that a genuine dispute of material fact exists as to whether the defendant's articulated reason was pretextual.'" Munoz, 221 F.3d at 1165 (quoting Perry v. Woodward, 199 F.3d 1126 (10th Cir. 1999)).

Pretext is demonstrated by a showing "'either that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of

credence.'" McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). The Court's inquiry focuses on "whether the employer's stated reasons were held in good faith at the time of the discharge, even if they later prove to be untrue, or whether plaintiff can show that the employer's explanation was so weak, implausible, inconsistent or incoherent that a reasonable fact finder could conclude that it was not an honestly held belief but rather was subterfuge for discrimination." Simmons, 647 F.3d at 947-48. In doing so, the Court looks at the facts as "they appear to the person making the decision to terminate." Id. "[P]laintiffs' mere conjecture that their employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988).

Further, to prevail on an age discrimination claim, Plaintiff must establish age was a "determinative factor" in the employment decision. Cooper v. Asplundh Tree Expert Co., 836 F.2d 144 (10th Cir. 1988). "[I]t is not enough that age discrimination figure in the decision to demote or to discharge; age must 'make a difference' between termination and retention of the employee in the sense that, 'but for' the factor of age discrimination, the employee would not have been adversely affected". Perrell v. Financeamerica Corp., 726 F.2d 654, 656 (10th Cir. 1984). "Liability [under the ADEA] attaches only if a plaintiff's age 'actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome.'" Carter v. Newman Memorial County Hosp., 2002 WL 31341528 (10th Cir. 2002) (unpublished) (quoting Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141 (2000).

In 2009, the United States Supreme Court clarified that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA[1] must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Financial Servs, Inc., 557 U.S. 167, 180 (2009). "The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." Id. As there is **no evidence** of any age-based employment decision in this litigation, Plaintiff's ADEA claim should be summarily dismissed.

## I.    Defendants Have Articulated a Legitimate, Non-Discriminatory Reason for the Adverse Employment Action.

Even assuming Plaintiff can satisfy the elements of a prima facie case under the ADEA, MDOW/CLIC have set forth a legitimate, non-discriminatory basis for the actions resulting in termination of Plaintiff's employment. MDOW/CLIC desired for all corporate management to be based out of its Houston, Texas office. **Plaintiff admits and it is undisputed that this is what Plaintiff was told and what Sam Bana intended.** The vast majority of individuals under Plaintiffs' supervision were located in Texas. Plaintiff already had an office in Houston that was reserved just for him. MDOW/CLIC was in a period of transition, and this was a new policy it implemented to accomplish its goals. MDOW/CLIC was incurring thousands of dollars in expenses each month to accommodate Plaintiff's travel to and from Houston. While Plaintiff likely will contend that he could perform his job from anywhere, or that his job description did not require his physical presence in the Houston

---

[1] Plaintiff has failed to plead a disparate impact claim in his Complaint and thus, any such claims should be dismissed as moot.  Nevertheless, because Defendants anticipate that Plaintiff will attempt to bring evidence regarding the same, they have addressed the same.

office, it is well-settled that "[t]he ADEA is not a vehicle for reviewing the propriety of business decisions." Furr v. Seagate Tech., 82 F.3d 980, 986 (10th Cir. 1996). "[C]ourts are not free to second-guess an employer's business judgment." Branson, 853 F.2d at 772. Further, "[i]t is the perception of the decision maker which is relevant, not plaintiff's perception of herself." Id.

Here, MDOW/CLIC determined its business would operate more efficiently if members of corporate management were based out of the Houston, Texas area. Plaintiff was undisputedly in senior corporate management.  Plaintiff already had an office in Houston, Texas, that was his sole office and that no one else used although Plaintiff was indisputably located in Oklahoma. As part of Mr. Bana's business model that he was wanting to implement, it required all seniors managers to be functioning out of the corporate Houston office. Mr. Bana wanted to review all the departments and assess each department and make adjustments accordingly. Certainly, a decision to have all of its managers located out of the Houston headquarters with new management in place to try and more efficiently evaluate the departments of the company makes sense as does the fact that MDOW/CLIC would save considerably on costs associated with Plaintiff's travel to and from Houston and accommodations for a week each month. Plaintiff admits this new policy of moving everyone to Houston is the reason MDOW/CLIC provided at the time of the November 6, 2015, telephone call and is the only reason MDOW/CLIC has ever provided Plaintiff for any action resulting in the termination of Plaintiff's employment. This is a legitimate, non-discriminatory reason and satisfies MDOW/CLIC's "exceedingly light burden" under the McDonnell Douglas framework. See Swackhammer v. Sprint/United Management Co., 493 F.3d 1160, 1166 (10th Cir. 2007).

## II.   **Plaintiff Cannot Demonstrate That Defendants' Articulated Reason Is Pretextual.**

The Tenth Circuit recognizes that:

Discrimination statutes allow employers to discharge employees for almost any reason whatsoever (even a mistaken but honest belief) as long as the reason is not illegal discrimination. Thus when an employee is discharged because of an employer's honest mistake, federal anti-discrimination laws offer no protection. Likewise, when an employer discharges an employee because of inefficient work habits, excessive absenteeism, an unacceptable attitude with customers and coworkers, or for a myriad of other reasons, anti-discrimination laws do not come into play.

Medley v. Polk Co., 260 F.3d 1202, 1209 (10th Cir. 2001) (quoting Kariotis v. Navistar Internat'l Trans. Corp., 131 F.3d 672 (7th Cir. 1997)). "Employers are free to terminate at-will employees for any other reason - however unfair, unwise, or even erroneous - so long as it is not unlawful." Adamson v. Multi Community Diversified Servs., Inc., 514 F.3d 1136, 1153 (10th Cir. 2008).

In this case, Plaintiff has wholly failed to set forth any evidence whatsoever that his age played *any* factor in his termination from MDOW/CLIC. Regardless of which version of events is accepted, *i.e.* Plaintiff's claim he was terminated because he lives in Oklahoma, or MDOW/CLIC's assertion that Plaintiff declined Mr. Bana's request that he begin reporting each day to the Houston, Texas office, there is simply no nexus under either of these scenarios to any age-based discrimination. Neither Plaintiff's EEOC Charge, Complaint, his discovery responses, or testimony provided during the course of his deposition give any indication that his age played any role, much less was the "but for" cause, of his employment termination.

In fact, the sole incident Plaintiff could identify during the course of his deposition was some teasing about his age at a birthday celebration in his honor. However, Plaintiff did

not report this teasing as discriminatory, nor was any person with MDOW/CLIC's management team actually present or involved in the alleged teasing. Well-settled case law establishes that an isolated comment, unrelated to the challenged action, is insufficient to support a discrimination claim. Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) ("stray remarks...are insufficient to create a jury issue in an ADEA case.") For example, in Botlon v. Scrivner, 36 F.3d 939 (10th Cir. 1994), the court affirmed summary judgment in favor of the defendant employer, determining that plaintiff failed to demonstrate a nexus between his supervisor's alleged comment that plaintiff was an "old fart" and the adverse employment decision. Further, as here, "age-related comments by non-decisionmakers are not material in showing the [employer's] action was based on age discrimination." Cone, 14 F.3d at 531.

Given that Plaintiff cannot identify a single fact that supports his claim for age-based discrimination, it is anticipated Plaintiff will argue that the termination of his employment with MDOW/CLIC was somehow part of a larger scheme by MDOW/CLIC to engage a more youthful work force. However, Plaintiff did not include any such pattern-and-practice allegation in his EEOC charge or his Complaint filed in this litigation, likely because the Tenth Circuit has held that "individual plaintiffs cannot bring pattern-or-practice claims - only the U.S. Attorney General or a certified class can do so." Daniels v. United Parcel Service, Inc., 701 F.3d 620, 632 (10th Cir. 2012).

To the extent Plaintiff relies upon such evidence as circumstantial proof of some alleged age-based policy that impacted his individual employment action, Plaintiff has not and cannot identify a single fact to support such an allegation. At the time Plaintiff filed his EEOC Charge, there were recent six hires by MDOW/CLIC who were over the age of 40

and, therefore, within the protected class. Mr. Bana himself is within the protected class.

Plaintiff has asserted the singular age-based discrimination claim against MDOW/CLIC.

MDOW/CLIC's handbook condemns age discrimination and both MDOW/CLIC's CEO and

COO testified that no employment actions - including that respecting Plaintiff - are premised

upon the age of the subject employee. Plaintiff himself was hired by MDOW/CLIC at age

59 and received a promotion at age 65. Plaintiff further admitted during his deposition:

> Q.   Have you talked to anyone that has told you they were discriminated against based on their age?
> A.   No.
>
> Q.   Have you seen any documents that specify or that you believe show–
> A.   No.
> Q.   -that they have been discriminated against based on their age?
> A.   No.
>
> Q.   As we sit here today do you have any evidence that anybody else at MDOW or CLIC was discriminated against based on their age?
> A.   No.

(Ex. 1, Manning Depo. at 169.1-169.13.)

Plaintiff admits he has no evidence of any discriminatory conduct on the part of

MDOW or CLIC towards him or anyone else. Plaintiff's entire claim is premised upon mere

conjecture that MDOW/CLIC acted in a discriminatory manner but, by his own admission,

has no evidence linking his age with the termination of his employment from MDOW/CLIC.

There are simply no facts to support any discriminatory conduct by MDOW/CLIC in this

case, much less that Plaintiff's age was the motivating factor for any challenged action on

the part of MDOW/CLIC. For this reason, Plaintiff's ADEA claim should be summarily

denied.

## <u>CONCLUSION</u>

Plaintiff has failed to provide any evidence to support his age discrimination claim. The mere fact that he fell within the protected class at the time his employment with MDOW/CLIC terminated, without more, is wholly insufficient to support Plaintiff's cause of action under the ADEA. However, Plaintiff's entire case is premised upon the singular fact that he was 66 years old when his employment with MDOW/CLIC ended. Under the ADEA, Plaintiff must establish that age was the "determinative factor" in the adverse employment decision and that "but for" his age, Plaintiff's employment with MDOW/CLIC would have continued. Plaintiff has not, and cannot, make such a showing in this case.

In light of the foregoing, Defendants MDOW Insurance Company and Columbia Lloyds Insurance Company respectfully request this Court enter its Order granting judgment as a matter of law to Defendants on Plaintiff's claim under the ADEA and for such other and further relief the Court deems Defendants entitled in the premises.

*s/Hilary S. Allen*
Hilary S. Allen, OBA #16979
David B. Donchin, OBA #10783
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone:  (405) 235-9584
Facsimile:  (405) 235-0551
dlb@dlb.net
Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

☒I hereby certify that on October 6, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward, OBA #9351
Woodrow K. Glass, OBA #15690
Barrett T. Bowers, OBA #30493
Jonathan M. Irwin, OBA #32626
Ward & Glass, LLP
1601 N.W. 36th Street, Suite 100
Norman, OK 73072
Telephone: (405) 360-9700
Facsimile: (405) 360-7902
stan@wardglasslaw.com
woody@wardglasslaw.com
scott@wardglasslaw.com
barrett@wardglasslaw.com
jonathan@wardglasslaw.com
          - and -
Scott F. Brockman, OBA #19416
Brockman Law, PLLC
10601 S. Western, Suite 117
Oklahoma City, OK 73170
Telephone: (405) 703-4429
Facsimile: (405) 703-4499
scott@brockmanlawpllc.com
Attorneys for Plaintiff

*s/Hilary S. Allen*
Hilary S. Allen

3373.0011#17554722v1<OKC> -Motion for Summary Judgment